IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CURTIS DUAYNE SANDERS                                                                               PLAINTIFF

versus                                                                   CIVIL ACTION NO. 5:06-cv-193-MTP

RAY CLARK, CHARLES HARRIGELL
AND HARRIET MASIQUE                                                                              DEFENDANTS

OPINION AND ORDER

      BEFORE THE COURT is the civil rights complaint of Plaintiff Curtis Duayne Sanders filed pursuant to 42 U.S.C. § 1983.  Plaintiff is currently an inmate in the custody of the Mississippi Department of Corrections, serving a ten-year sentence on a conviction of aggravated assault.  He is proceeding *pro se* and *in forma pauperis*.  This matter has been referred to the United States Magistrate Judge by consent of the parties to conduct all proceedings pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73 [35].

      This lawsuit arises out of an incident that occurred at the Adams County Jail approximately two years ago, when plaintiff was a pre-trial detainee[1] and was allegedly assaulted by another inmate.  In his complaint, plaintiff asserted a claim for failure to protect, based on the officers' alleged knowledge that the inmate that attacked him had a violent reputation, and a claim for inadequate medical treatment, based on the post-altercation medical treatment he allegedly received/did not receive.  However, at an omnibus hearing held on January 10, 2008 pursuant to *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), plaintiff testified that the medical care he received following the incident in question was "adequate," and that his only problem was that he had to pay his own medical bill.  Plaintiff expressly stated that he was not asserting a

---

[1] Plaintiff is currently incarcerated at the East Mississippi Correctional Facility in Meridian, Mississippi.

medical claim in this lawsuit, and that the only claim he was asserting was failure to protect.[2]

Because the plaintiff is proceeding *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted." *See also Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim). As plaintiff has expressly stated on the record that he is not asserting any claim in this action relating to medical care, the court finds it appropriate at this time to dismiss that claim from this lawsuit with prejudice.

IT IS, THEREFORE, ORDERED AND ADJUDGED that plaintiff's claim relating to medical treatment following the altercation in question is dismissed from this action with prejudice. Plaintiff's other claim(s) shall remain pending.

SO ORDERED on this, the 6th day of February, 2008.

s/ Michael T. Parker
United States Magistrate Judge

---

[2] At several points during the *Spears* hearing, plaintiff also indicated that he was asserting a claim based on the officers' failure to respond appropriately after the fight - for example, their alleged failure to provide him with any assistance in filing charges.