IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CURTIS DUAYNE SANDERS**                                                     **PLAINTIFF**

**V.**                                                              **CIVIL ACTION NO. 5:06cv193-MTP**

**RAY CLARK, ET AL.**                                                    **DEFENDANTS**

## OPINION AND ORDER

THIS MATTER is before the court on the Defendants' Motion for Summary Judgment [49]. The court, having considered the submissions of the parties and the applicable law, finds that the Motion [49] should be GRANTED.

FACTUAL BACKGROUND

Plaintiff, Curtis Duayne Sanders, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983 on December 28, 2006, against Defendants Michael Ray Clark and Harriet Masique, guards at the Adams County Jail, and Charles Harrigill, Jail Administrator. Plaintiff is currently incarcerated at the East Mississippi Correctional Facility after having been convicted of aggravated assault in Adams County. Through his complaint and as clarified during his *Spears*[1] hearing, Plaintiff asserted the following claims: 1) that Defendants failed to protect him from an assault by another inmate; and 2) that Defendants failed to assist him in pressing charges against the inmate that assaulted him. Plaintiff's claims arose while he

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's *Spears* hearing occurred on January 11, 2008. The transcript from Plaintiff's *Spears* hearing is cited herein as "Tr. __." *See* Transcript [38].

Plaintiff's claims and allegations made at his *Spears* hearing supersede the claims alleged in his complaint. *See Hurns v. Parker*, 165 F.2d 24, No. 98-60006, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987).

was incarcerated in the Adams County Jail as a pretrial detainee. (Tr. at 8.)

Plaintiff claims he was assaulted by another inmate, Lonnie Brown, on September 3, 2005. As a result of the assault, Plaintiff's arm was broken. Michael Ray Clark took him to the hospital, and the doctor put a cast on his arm and gave him an arm sling. He claims he had to pay his own hospital bill. (Tr. 13.) He also claims that he had to take his cast off himself because it smelled bad from getting wet in the shower. (Tr. 14.) Plaintiff testified that his medical treatment for his arm "was all right," he just did not "like the fact that [he] had to pay [his] own bill." *Id.*

Plaintiff claims that after the assault, the Defendants would not take a statement from him about what happened, and failed to assist him in filing charges against Inmate Brown. (Tr. 9-11.) He claims that he was not supposed to be housed with Inmate Brown because he had already been assaulted by him before, and because Inmate Brown had a reputation for fighting. (Tr. 9, 12.) Plaintiff also alleges that Inmate Brown told him the Defendants "used him" to get to Plaintiff because they knew he had a violent reputation. (Tr. 15.)

On April 15, 2008, Defendants filed their Motion for Summary Judgment [49]. Plaintiff filed his Response [52] in opposition to Defendants' Motion on April 30, 2008, and Defendants filed their Rebuttal [53] on May 7, 2008.

STANDARD FOR SUMMARY JUDGMENT

This court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If Defendants fail to discharge the burden of showing the absence of a genuine issue

2

concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *John*, 757 F.2d at 708, 712.

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

## ANALYSIS

Plaintiff's claims are before the court pursuant to 42 U.S.C. § 1983. However, Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir.1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or

immunities secured by the Constitution and laws' of the United States." *White*, 660 F.2d at 683 (quoting 42 U.S.C. § 1983).

It is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (citations omitted) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability."). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)).  Thus, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304.

"The constitutional rights of a pretrial detainee . . . flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment." *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996).  "A pretrial detainee's due process rights are said to be as least as great as the Eighth Amendment protections available to a convicted prisoner." *Hare*, 74 F.3d at 639 (internal quotations and citations omitted).

<u>Failure to Protect</u>

Plaintiff alleges what the court liberally construes as a failure to protect claim against Defendants relating to the assault by Inmate Brown.  He claims that he should not have been housed with Inmate Brown because he had already assaulted by him before, and because Inmate

Brown had a reputation for fighting. (Tr. 9, 12.) Plaintiff also alleges that Inmate Brown told him the Defendants "used him" to get to Plaintiff because they knew he had a violent reputation; however, Plaintiff testified, "I don't know how true it is." (Tr. 15.) When questioned about how the Defendants would have used Inmate Brown to get to Plaintiff, he replied, "I don't know." (*Id.*)

In order to prevail on a failure to protect claim, the Plaintiff must show that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). "In order to act with deliberate indifference, 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Negligently failing to protect a detainee does not amount to a constitutional violation. *Dilworth v. Box*, 53 F.3d 1281, 1005 WL 295885, at *3 (5th Cir. Apr. 20, 1995).

Plaintiff has failed to present any evidence that he was incarcerated under conditions posing a substantial risk of serious harm from Inmate Brown. As admitted by Plaintiff, he had chosen to confide in Inmate Brown about a private matter, but Inmate Brown teased him about it and an argument ensued. (Tr. 12-13.) Clearly, if Inmate Brown posed a substantial risk of serious harm to Plaintiff, he would not have chosen to approach him and confide in him.

Plaintiff has also failed to present any evidence that the Defendants knew of and disregarded a threat to his safety, and the record is void of such evidence. *See Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990) (holding that conclusory allegations are insufficient to

5

establish a constitutional violation under Section 1983; such claims must be supported by specific facts). Further, there is no evidence of any constitutionally deficient policy or lack of policy which would give rise to liability on the part of the Defendants in their official capacity. Accordingly, this claim fails as a matter of law.

<u>Denial of Assistance to Press Charges</u>

Plaintiff alleges that the Defendants failed to assist him in pressing charges against the inmate that assaulted him and refused to take a statement from him. (Tr. 8-11.)

Plaintiff has no constitutional right to have Inmate Brown criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990); *Carter v. Maxwell*, No. 07-CV-1254, 2007 WL 2963665, at *1 (W.D. La. Sept. 27, 2007) (Report and Recommendation, adopted by Judgment [6] dated October 9, 2007)[2] (dismissing plaintiff's claim as frivolous, reasoning that the "Plaintiff has no constitutional right to have someone criminally prosecuted. . . . Therefore, the alleged actions, or inaction, of the named defendants did not infringe upon any legally recognized right belonging to Plaintiff"). Moreover, Plaintiff's allegation that Defendants failed to adequately investigate the assault fails to establish a constitutional violation.[3] *See Dehghani v. Vogelgesang*, 226 Fed. Appx. 404, 406 (5th Cir. 2007) (holding that plaintiff's allegation that warden failed to adequately investigate his grievance did not amount to a constitutional

---

[2]*See* https://ecf.lawd.uscourts.gov/cgi-bin/DktRpt.pl?559038300039297-L_567_0-1.

[3]Further, the Plaintiff's allegation appears to be inaccurate. The record reflects that Lonnie Brown was issued a Rules Violation Report ("RVR") as a result of the assault, and that he was placed in confinement for 45 days and lost his visitation rights (5 visits). *See* Ex. E to Motion [49-5]. Plaintiff was also issued an RVR for getting into an altercation with Inmate Brown and was placed in confinement for 5 days and lost one visit. *See* Ex. F to Motion [49-5].

violation); *Charles v. Nance*, 186 Fed. Appx. 494, 495 (5th Cir. 2006); *Woodland v. City of Vicksburg*, No. 5:05cv85-DCB-JCS, 2006 WL 3375256, at *3 (S.D. Miss. Nov. 21, 2006) (stating that claim for "failure to investigate" did not amount to a constitutional violation). Accordingly, Defendants are entitled to judgment as a matter of law on this claim.

## CONCLUSION

For the reasons stated above, the court finds that Defendants' Motion for Summary Judgment [49] is GRANTED, and this action is hereby dismissed with prejudice.

A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED this the 31st day of October, 2008.

s/ Michael T. Parker
United States Magistrate Judge